IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SNYDER BROTHERS, INC., | Civil Action No. 2:20-cv-1974 |
| Plaintiff, | |
| v. | |
| ALECTO HEALTHCARE SERVICES, LLC, | |
| Defendant. | |

## COMPLAINT

Plaintiff, Snyder Brothers, Inc., by and through its attorneys, Eckert Seamans Cherin & Mellott, LLC, files this Complaint against Defendant, Alecto Healthcare Services, LLC, and states the following in support thereof:

## PARTIES

1. Plaintiff, Snyder Brothers, Inc. ("Snyder Brothers"), is a corporation organized under the laws of the Commonwealth of Pennsylvania with its principal place of business at 409 Butler Road, Kittanning, Pennsylvania 16201.

2. Defendant, Alecto Healthcare Services, LLC ("Alecto"), is a Delaware limited liability company with principal place of business at 16310 Bake Parkway, Suite 200, Irvine, California 92618.

3. Alecto is the parent company and the sole owner of Alecto Healthcare Services Martin's Ferry, LLC ("Alecto – Martins Ferry"), a Delaware limited liability company with its principal place of business at 16310 Bake Parkway, Suite 200, Irvine, California 92618.

4. Alecto – Martins Ferry acquired East Ohio Regional Hospital at Martin's Ferry, Inc. d/b/a/ East Ohio Regional Hospital ("East Ohio Regional Hospital"), an Ohio non-profit corporation with a principal place of business at 90 N. 4th Street, Martins Ferry, Ohio 43935.

5. Alecto is also the parent company and the sole owner of Alecto Healthcare Services Ohio Valley, LLC ("Alecto – Ohio Valley") a Delaware limited liability company with its principal place of business at 16310 Bake Parkway, Suite 200, Irvine, California 92618. Alecto – Ohio Valley acquired Ohio Valley Medical Center, Inc. ("Ohio Valley Medical Center"), a West Virginia Corporation with a principal place of business at 2000 Eoff Street, Wheeling, West Virginia 26003.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action based on diversity jurisdiction pursuant to 28 U.S.C. § 1332.

7. Upon information and belief, formed after numerous good-faith searches of court records and public records, none of Alecto's members are citizens of Pennsylvania.

8. Alecto, at all times relevant hereto and as discussed more fully below, knew that Snyder Brothers was a Pennsylvania entity whose headquarters and operations are in Pennsylvania.

9. Alecto, at all times relevant hereto and as discussed more fully below, knew that the Alecto Subsidiaries had a contract, which was governed by Pennsylvania law, with Snyder Brothers, which (1) they negotiated and renegotiated through employees and agents that made multiple and on-going contacts to people in Pennsylvania and (2) required the Alecto Subsidiaries to remit payment to Snyder Brothers in Pennsylvania for natural gas that was produced, processed, and transported in Pennsylvania.

10. Alecto, as discussed more fully below, knowingly, willfully, and fraudulently has transferred significant sums of money from the Alecto Subsidiaries, rendering the Alecto Subsidiaries insolvent and depriving them of the ability to pay their outstanding debts to Snyder

Brothers, including two (2) judgments issued by this Court each of which exceeds $150,000; the amount in controversy exceeds $75,000, exclusive of interest and costs.

11. This Honorable Court has personal jurisdiction over Alecto for the purposes of this dispute because Alecto directed and encouraged the Alecto Subsidiaries to solicit patients from Pennsylvania; patients from Pennsylvania requested and received medical services at the Alecto Subsidiaries and remitted payment for the same from sources, programs, and/or plans in Pennsylvania; Alecto diverted the payments from Pennsylvania residents and Pennsylvania sources by pilfering the Alecto Subsidiaries' coffers and draining them of their assets while knowing that the Alecto Subsidiaries were obligated to deliver to payments to Snyder Brothers in Pennsylvania; Alecto committed tortious interference with Snyder Brothers's contractual relationship with Alecto's Subsidiaries in Pennsylvania by siphoning their funds with the explicit purposes of preventing them to pay creditors, such as Snyder Brothers; Snyder Brothers suffered the brunt of the harm in the forum such that the forum can be said to be the focal point of the harm; and Alecto expressly aimed its conduct at the forum such that the forum can be said to be the focal point of the tortious activity. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events that give rise to this action occurred in this District insofar as Alecto tortuously interfered with Snyder Brothers's contract with the Alecto Subsidiaries, which Pennsylvania law governed and required payments to be delivered in Pennsylvania for Pennsylvania goods, by repeatedly and illegally siphoning off assets of its wholly owned subsidiaries, Alecto – Martins Ferry and Alecto – Ohio Valley—assets that Alecto's Subsidiaries were contractually required to deliver to Snyder Brothers in Pennsylvania as more fully set forth below.

## FACTUAL BACKGROUND

12. Snyder Brothers is an independent producer of natural gas in Pennsylvania and supplies natural gas to clients in Pennsylvania, Ohio, and West Virginia.

13. Alecto is a national company that owns and operates health care facilities that provide inpatient and outpatient treatment throughout the United States.

14. Alecto formed and is the parent company and the sole owner of Alecto – Martins Ferry and Alecto – Ohio Valley.

15. Alecto – Martins Ferry acquired East Ohio Regional Hospital at Martin's Ferry, LLC, assuming the latter's debts and obligations.

16. Alecto – Ohio Valley acquired Ohio Valley Medical Center, Inc., assuming the latter's debts and obligations.

17. Prior to their respective acquisitions by Alecto's Subsidiaries, East Ohio Regional Hospital and Ohio Valley Medical Center were each comprehensive health care facilities that provided inpatient and outpatient medical care and treatment in Ohio and West Virginia, respectively.

18. On July 2, 2014, Snyder Brothers and Ohio Valley Medical Center executed a Natural Gas Agreement governed by Pennsylvania law under which Snyder Brothers agreed to sell and to deliver, and Ohio Valley Medical Center agreed to purchase and to take, all of the natural gas specified on applicable purchase orders between them, which included natural gas that Snyder Brothers produced, processed, and transported in Pennsylvania. This Natural Gas Agreement required Ohio Valley Medical Center to remit payments to Snyder Brothers in Pennsylvania. Plaintiff hereto has attached and herein has incorporated a copy of this Natural Gas Agreement as Exhibit "A."

19. From July 2, 2014 to April 17, 2019, Snyder Brothers provided Ohio Valley Medical Center with $185,847.94 worth of natural gas pursuant to the aforementioned Natural Gas Agreement and purchase orders attendant thereto; yet, Ohio Valley Medical Center breached its obligations under that Natural Gas Agreement by failing to pay Snyder Brothers for such natural gas. Ohio Valley Medical Center failed and/or refused to remit Payment to Snyder Brothers because Alecto repeatedly diverted and/or withdrew money from its bank account(s) and otherwise directed or restricted Ohio Valley Medical Center's financial affairs so that the hospital would not have the funds to pay the hospital's invoices even though Alecto was aware of the Natural Gas Agreement, the provision of the natural gas, and the use of the natural gas.

20. Ohio Valley Medical Center refused Snyder Brothers's attempts to resolve the dispute without litigation and Snyder Brothers filed a breach of contract action against Ohio Valley Medical Center in this Court on September 26, 2019 (the "Ohio Valley Contract Case"). That lawsuit is docketed as 2:19-cv-1236.

21. On November 4, 2019, after Ohio Valley Medical Center failed to respond to the complaint in the Ohio Valley Contract Case, Snyder Brothers obtained a default judgment against Ohio Valley Medical Center in the amount of $185,847.94 (the "Ohio Valley Default Judgment"). Ohio Valley Contract Case, Dckt. No. 10.

22. To date, Ohio Valley Medical Center, Alecto, and the Alecto Subsidiaries have not paid Snyder Brothers a penny of that judgment.

23. On May 25, 2016, Plaintiff and East Ohio Regional Hospital executed a Natural Gas Agreement governed by Pennsylvania law under which Snyder Brothers agreed to sell and to deliver, and East Ohio Regional Hospital agreed to purchase and to take, all of the natural gas specified on a purchase order pursuant to that Natural Gas Agreement, which included natural gas

that Snyder Brothers produced, processed, and transported in Pennsylvania. Plaintiff hereto has attached and herein has incorporated a copy of this Natural Gas Agreement as Exhibit "B."

24. From May 25, 2016 to May 23, 2019, Snyder Brothers provided East Ohio Regional Hospital with $152,187.79 worth of natural gas pursuant to the aforementioned Natural Gas Agreement and purchase orders pursuant thereto; yet, East Ohio Regional Hospital breached its obligations under that Natural Gas Agreement by failing to pay Snyder Brothers for such natural gas. East Ohio Regional Hospital failed and/or refused to remit Payment to Snyder Brothers because Alecto repeatedly diverted and/or withdrew money from its bank account(s) and otherwise directed or restricted East Ohio Regional Hospital's financial affairs so that the hospital would not have the funds to pay the hospital's invoices even though Alecto was aware of the Natural Gas Agreement, the provision of the natural gas, and the use of the natural gas.

25. East Ohio Regional Hospital refused Snyder Brothers' attempts to resolve the dispute without litigation and Snyder Brothers filed a breach of contract action against East Ohio Regional Hospital and Alecto – East Ohio in this Court on September 26, 2019 (the "East Ohio Contract Case"). That lawsuit is docketed as 2:19-cv-01238-MJH.

26. On August 11, 2020, the Court issued a consent judgment in favor of Snyder Brothers and against East Ohio Regional Hospital and Alecto – East Ohio in the amount of $152,187.79 (the "East Ohio Consent Judgment"). East Ohio Contract Case, Dckt. No. 37.

27. To date, East Ohio Regional Hospital, Alecto, and the Alecto Subsidiaries have not paid Snyder Brothers a penny of that judgment.

## COUNT I – FRAUDULENT TRANSFER
## 12 Pa. C.S.A. § 5105 *et seq.*

28. Snyder Brothers incorporates the preceding paragraphs as though fully set forth herein.

29. By virtue of the payments due under Natural Gas Agreements, the Default Judgment, and the Consent Judgment, Ohio Valley Regional Hospital, East Ohio Regional Hospital, and the Alecto Subsidiaries are debtors of Snyder Brothers.

30. The Alecto Subsidiaries, ordered to do so by their parent company Alecto, made serial fraudulent transfers of substantially all of their liquid and/or unencumbered assets to Alecto with the intent to hinder, to delay and/or to defraud Snyder Brothers, which is a creditor.

31. Alecto and the Alecto Subsidiaries function much closer than arms' length insofar as Alecto substantially controls the day-to-day operations of Alecto's Subsidiaries.

32. The Alecto Subsidiaries received no consideration, much less consideration in reasonably equivalent value, from Alecto in exchange for making the fraudulent transfers.

33. The Alecto Subsidiaries made the fraudulent transfers to Alecto despite the fact that the Alecto Subsidiaries should have known that they had debts to satisfy and would incur debts beyond their ability to pay them as those debts became due.

WHEREFORE, Plaintiff, Snyder Brothers, Inc., respectfully requests that this Honorable Court void the fraudulent transfers and grant any other such relief as this Court may deem just and proper or is available under 12 Pa. C.S.A. § 5105 *et seq*.

**COUNT II – TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS**

34. Snyder Brothers incorporates the preceding paragraphs as though fully set forth herein.

35. In ordering the Alecto Subsidiaries to execute the fraudulent transfers, siphoning and/or diverting money from the Subsidiaries' bank account(s), and accepting the benefit therefrom while knowing of the Natural Gas Agreements, Alecto purposefully interfered with Snyder Brothers's contractual relations with the Alecto Subsidiaries, with the intent of damaging

the relationship insofar as the Fraudulent Transfers depleted the funds the Alecto Subsidiaries had with which to pay Snyder Brothers for the natural gas that it supplied pursuant to the Natural Gas Agreements between them.

36. No privilege or justification exists for Alecto's actions in raiding its Subsidiaries' coffers, treating them as local slush funds while depriving the Subsidiaries of their own assets with which to pay their creditors, such as Snyder Brothers, for services the Subsidiaries requested and accepted.

37. As a result of Alecto's corporate puppetry and orchestrating the fraudulent transfers at the expense of the reasonable business needs of its Subsidiaries, including assets with which to pay creditors, including judgment creditors, Snyder Brothers could not receive payment for the amounts due under the Natural Gas Agreements and cannot recover its judgments against Alecto's Subsidiaries.

WHEREFORE, Plaintiff, Snyder Brothers, Inc., respectfully requests that this Honorable Court enter judgment in its favor and against Alecto Healthcare Services, LLC for compensatory damages along with any other such relief as this Court may deem just and proper.

### JURY DEMAND

Snyder Brothers, Inc. demand a trial by jury on any and all issues so triable in this case.

Respectfully submitted,

*Ray F. Middleman*
Ray F. Middleman, PA I.D. No. 40999
Derek J. Illar, PA I.D. 307492
Eckert Seamans Cherin & Mellott, LLC
600 Grant Street, 44th Floor
Pittsburgh, Pennsylvania 15219
Telephone: 412-566-6000
Fax: 412-566-6099